**UNITED STATES**

v.

**Philip E. MILLER, 494 60 9564, Staff Sergeant (E–6), U.S. Marine Corps.**

**NMCM 80 0024.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 14 Aug. 1979.

Decided 29 Oct. 1982.

CDR Matthew J. Wheeler, JAGC, USNR, Appellate Defense Counsel.

LCDR Jeanne Carroll, JAGC, USN, Appellate Defense Counsel.

LT Ronald S. Wasilenko, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C.J., and SANDERS and BOHLEN, JJ.

BOHLEN, Judge:

On 31 October 1980, this Court dismissed the findings of guilty of specification 5 of the Charge, (alleging a violation of wrongful possession of 20.1 grams, more or less, of marijuana) and reassessed the sentence upon the remaining findings, based upon an impermissible search. Upon certification to the United States Court of Military Appeals, that Court in an opinion dated May 10, 1982 reversed this Court's decision, holding the search to have been proper, and returned the record for further review.

*United States v. Miller,* 13 M.J. 75 (C.M.A. 1982).

Appellant now asserts as error the following:

## I

THE MILITARY JUDGE ERRONEOUSLY RULED THAT SPECIFICATIONS 4 AND 5 OF THE CHARGE WERE SEPARATE FOR PUNISHMENT PURPOSES.

## II

A SENTENCE WHICH INCLUDED *INTER ALIA* A DISHONORABLE DISCHARGE WAS AN INAPPROPRIATELY SEVERE SENTENCE.

We find that assigned error I lacks merit and summarily reject it; as to the second assigned error we find that also to be without merit. A dishonorable discharge is an entirely appropriate sentence for a staff noncommissioned officer who stands convicted of five specifications of possession, transfer and sale of quantities of marijuana and of hashish. Further, his conduct was such that he involved enlisted personnel of junior rank in his offenses, which certainly must be considered as dishonorable conduct rather than merely bad conduct.

Accordingly, the findings and sentence as approved on review below are affirmed.

Chief Judge CEDARBURG and Judge SANDERS concur.